NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001093**
**19-APR-2013**
**09:08 AM**

NO. CAAP-12-0001093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BHARAT KUMAR NARUMANCHI, Plaintiff-Appellant
v.
JYOTHI GUNTA, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D No. 12-1-7353)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal by Plaintiff-Appellant Bharat Kumar Narumanchi from the "Order Granting Continuing Motion To/For: Continue Enforce Order dated 09-26-2012", filed on December 12, 2012 (December 12, 2012 order) and the "Most Emergent Ex Parte Motion To: Order," filed on December 17, 2012 (December 17, 2012 order) in the Family Court of the First Circuit because the orders are not appealable orders under Hawaii Revised Statutes (HRS) § 571-54 (2006).

In the December 12, 2012 order, the family court appointed a custody evaluator; ordered income, expense, asset and debt forms to be completed and exchanged; ordered that the parties' child would be cared for by a third party caregiver if both parties were not able to care for the child during the day or nighttime hours; and continued hearings on Wife's two motions, filed on November 19, 2012.

The family court denied the "Most Emergent Ex Parte Motion To:" which sought to modify the December 12, 2012 order by disallowing the third party caregiver from caring for the child at night, to permit Husband's mother to care for the child during Husband's custody days, and recusal of the judge for bias in favor of Wife.

In family court cases "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54 (2006). In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2012).

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Black v. Black, 6 Haw. App. 493, 728 P.2d 1303 (1986). In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and

> appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted). There is no final divorce decree that decides any part of the divorce.

Appellant concedes that neither order he appeals from was a final appealable order but requests appellate review under the collateral order doctrine. Under the collateral order doctrine,

> appeals are limited to orders falling in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321, 966 P.2d 631, 633 (1998). The orders did not finally determine claims of right separable from, and collateral to, rights asserted in the divorce proceeding.

Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0001093 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, April 19, 2013.

_Craig H. Nakamura_
Chief Judge

_Daniel R. Foley_
Associate Judge

_Tim M King_
Associate Judge